IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| v. | CASE NO.: 4:18-cr-260-6 |
| DEVON AINES, | |
| Defendant. | |

**O R D E R**

Defendant Devon Aines has filed a Motion to Reduce Sentence. (Doc. 1501.) He contends that a reduction in his sentence is warranted due to: (1) the conditions of his confinement particularly during the COVID-19 pandemic; and (2) pending amendments to the United States Sentencing Guidelines. (Id.) The Court has reviewed the entirety of the record in this case and finds that Aines has failed to set forth an extraordinary and compelling reason warranting a reduction in his sentence as required by 18 U.S.C. § 3582(c)(1)(A). Moreover, the factors set forth in 18 U.S.C. § 3553(a) weigh heavily against granting Aines compassionate release. Additionally, the pending amendments to the United States Sentencing Guidelines would have no impact on Aines' Guidelines calculation. Thus, the Court **DENIES** Aines' Motion. The Court hopes Aines will spend his time in prison contemplating the wrongfulness of his conduct and seeking rehabilitation rather than attempting to shirk the responsibility of a sentence that his conduct warrants.

**BACKGROUND**

Aines' conduct leading to his conviction and sentence was quite serious. He participated in a large multi-defendant drug trafficking conspiracy for which he was attributed with 1,587.626 kilograms of converted drug weight. (Doc. 908, pp. 8—13.) During the offense, he possessed a

firearm and made a credible threat to use violence. (Id. at p. 14.) Aines had two prior felony convictions for controlled substance offenses, manufacture of methamphetamine and trafficking in methamphetamine. (Id. at pp. 15—16.) Therefore, he was deemed a career offender pursuant to United States Sentencing Guideline § 4B1.1. (Id. at pp. 13, 16.) While Aines criminal history category would have otherwise been a Category V, his career offender designation resulted in a Category VI determination. (Id. at p. 16.) Based on his total offense level of 31 and his criminal history category of VI, Aines' Guideline imprisonment range was 188 months to 235 months. (Id. at p. 21.) At sentencing, the Court adopted the presentence investigation report without change, but sentenced Aines to 171 months' imprisonment on motion by the Government. (See, docs. 995, 996.) Aines filed his instant Motion to Reduce Sentence on August 2, 2023, (doc. 1501), and the Government timely filed a Response opposing Aines' Motion, (doc. 1503).

## DISCUSSION

The First Step Act provides a narrow path for a district court to reduce the sentence of a criminal defendant where there are "extraordinary and compelling reasons" to do so. 18 U.S.C. § 3582(c)(1)(A)(i). Prior to the passage of the First Step Act, only the Director of the BOP could file a motion for compassionate release in the district court. The First Step Act modified Section 3582(c)(1)(A) to allow a defendant to move a federal district court for compassionate release. However, there are four prerequisites to a court's granting compassionate release under the First Step Act. First, the defendant must have exhausted her administrative rights with the BOP. Id. Second, the court must find that "extraordinary and compelling reasons warrant" release. 18 U.S.C. § 3582(c)(1)(A)(i). Third, the court must consider the factors set forth in 18 U.S.C. § 3553(a). 18 U.S.C. § 3582(c)(1)(A). Fourth, the court must find that release is consistent with the Sentencing Commission's policy statements. 18 U.S.C. § 3582(c)(1)(A). "The defendant

generally bears the burden of establishing that compassionate release is warranted." United States v. Smith, No. 8:17-CR-412-T-36AAS, 2020 WL 2512883, at *2 (M.D. Fla. May 15, 2020) (citing United States v. Hamilton, 715 F.3d 328, 337 (11th Cir. 2013)).

**I.     Aines Has Not Demonstrated Extraordinary and Compelling Reasons Warranting Release.**

The Court may only grant Aines compassionate release and reduce his sentence if it finds that "extraordinary and compelling reasons" warrant such a reduction and that the reduction is "consistent with applicable policy statements issued by the [United States] Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). Section 1B1.13 of the Sentencing Guidelines provides the applicable policy statement, explaining that a sentence reduction may be ordered where a court determines, upon consideration of the factors set forth in 18 U.S.C. § 3553(a), that "extraordinary and compelling reasons" exist and the defendant does not present a danger to the safety of any other person or the community. U.S. SENTENCING GUIDELINES MANUAL § 1B1.13 (U.S. SENTENCING COMM'N 2018). The application notes to this policy statement list three specific examples of extraordinary and compelling reasons to consider reduction of a defendant's sentence under Section 3582(c)(1)(A): (1) a medical condition; (2) advanced age; and (3) family circumstances. Id. at § 1B1.13 cmt. n.1(A)–(C). A fourth catch-all category provides: "As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with," the aforementioned three categories. Id. at § 1B1.13 cmt. n.1(D).

In United States v. Bryant, 996 F.3d 1243, 1252—62 (11th Cir. 2021), the United States Court of Appeals for the Eleventh Circuit held that a district court may not reduce a sentence under Section 3582(c)(1)(A) unless a reduction would be consistent with Section 1B1.13's definition of extraordinary and compelling reasons. The court in Bryant further concluded that the fourth catch-

3

all provision in the commentary to Section 1B1.13 does not grant district courts the discretion to develop other reasons outside those listed in Section 1B1.13 that might justify a reduction in a defendant's sentence. Bryant, 996 F.3d at 1265.

Aines does not list any of the Section 1B1.13's definitions in his Motion. Rather he complains about the conditions at FCI Sheridan, Oregon where he is serving his sentence. (Doc. 1501, pp. 1—4.)[1] In particular, Aines contends that the prison implemented numerous harsh measures to protect against the spread of the COVID-19 pandemic, and those measures are above and beyond what the Court could have anticipated when imposing Aines' sentence. (Id.) However, as the Government correctly points out, these conditions of confinement do not qualify as an "extraordinary and compelling reason" under Section 1B1.13. (Doc. 1503, p. 2 (citing United States v. McChristian, 851 F. App'x 1024, 1025 (11th Cir. 2021) ("[T]he district court correctly found that it was bound by the policy statements in § 1B1.13 when it found that COVID-19 itself was not an extraordinary and compelling reason to warrant a sentence reduction . . . .").) Aines' Motion primarily focuses on the Section 3553(a) factors. (Doc. 1501, pp. 1—4.) However, because he has not invoked, much less shown, an extraordinary and compelling reason under Section 1B1.13, the Court need not reach those arguments. See United States v. Giron, 15 F.4th 1343, 1348 (11th Cir. 2021) ("In other words, if the district court finds that no extraordinary and compelling reason exists, then it cannot reduce the inmate's sentence—even if the § 3553(a) factors favor doing so.").

---

[1] To the extent Aines seeks a legal or equitable remedy for the conditions of his confinement, his Motion is not the proper avenue. Rather, he must file a civil action seeking such relief.

4

**II.      The Section 3553(a) Factors Weigh Heavily Against Aines' Request.**

Moreover, even if Aines had demonstrated an extraordinary and compelling reason for compassionate release, the Court could only grant such compassionate relief "after considering the factors set forth in section 3553(a)." 18 U.S.C. § 3582(c)(1)(A); see also, United States v. Webster, No. 3:91CR138, 2020 WL 618828, at *5–6 (E.D. Va. Feb. 10, 2020) (denying defendant compassionate release even though defendant's terminal cancer presented extraordinary and compelling grounds for relief because the purposes of sentencing weigh against compassionate release and noting "[e]ven if a defendant meets the eligibility criteria for compassionate release, the Court retains discretion over whether to grant that relief."). Pursuant to Section 3553(a), federal courts must impose sentences "sufficient, but not greater than necessary" to satisfy the purposes of sentences. 18 U.S.C. § 3553(a). To that end, courts must consider:

1. the nature and circumstances of the offense and the history and characteristics of the defendant;
2. the need for the sentence imposed –
   a. to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
   b. to afford adequate deterrence to criminal conduct;
   c. to protect the public from further crimes of the defendant; and
   d. to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
3. the kinds of sentences available;
4. the kinds of sentences and the sentencing range established for [the applicable offense category as set forth in the guidelines];
5. any pertinent policy statement ... by the Sentencing Commission;
6. the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
7. the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a).

An evaluation of these factors weighs heavily against Aines' request for compassionate release. The charge Aines plead guilty to is a serious crime for which he received a substantial but justified sentence. Moreover, Aines' sentence was far less than it could have been but for the

5

Motion by the Government and the Court's granting of a downward departure. Allowing his release, particularly when he has only served a small portion of his well justified sentence, would not serve the needs of general and specific deterrence, would not protect the public, and would create significant sentencing disparities between him and other defendants who have been found guilty of similar conduct. 18 U.S.C. § 3553(a)(6). In sum, the Court has reviewed all the Section 3553(a) factors and finds that they warrant the denial of Aines' motion for compassionate release.

### III.  Pending Amendments to Section 4A1.1(d) Do Not Impact Aines' Guidelines Calculation.

Aines also argues that he "benefits from the anticipated changes to USSG 4A1.1(d) 'status points' and wants to present these amendments as an additional circumstance." (Doc. 1501, p. 2.) On April 27, 2023, the United States Sentencing Commission proposed revisions to the criminal history points calculations under Chapter 4 of the Sentencing Guidelines. See Amendments to the Sentencing Guidelines, pp. 77-92 (U.S. Sent'g Comm'n Apr. 27, 2023), available at https://www.ussc.gov/sites/default/files/pdf/amendment-process/reader-friendly-amendments/202305_RF.pdf (last visited Oct. 23, 2023). Specifically, the Commission proposes amending the additional criminal history points given to offenders who committed the offense of conviction while under a criminal justice sentence under Section 4A1.1(d). Id. Unless Congress modifies or disapproves of the proposed amendments, they become effective November 1, 2023. Id. at p. 2.

Because these Amendments have not yet gone into effect, they afford Aines no relief. See United States v. Symington, 682 F. App'x 729, 731 (11th Cir. 2017) ("[W]e do not consider proposed amendments until they become effective, as they are still subject to Congressional modification or disapproval."). Moreover, even if the Amendments to Section 4A1.1(d) were in effect, they would not impact on Aines' sentence. While Aines was under a criminal justice

6

sentence when he committed his offense of conviction, that status and Section 4A1.1(d)'s consideration of it had no impact on his ultimate criminal history category. Rather, he was scored as a Criminal History Category VI because of his career offender designation. (Doc. 908, p. 16.) Thus, changes to Section 4A1.1(d) would not impact Aines' Guidelines range.

## CONCLUSION

For all these reasons as well as those stated by the United States in its Response, the Court **DENIES** Defendant Aines' Motion to Reduce his Sentence, (doc. 1501).

**SO ORDERED**, this 24th day of October, 2023.

R. STAN BAKER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA